IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOSS,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No.  1:04-cv-06424 OWW TAG<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br>(Doc. 28) |

On March 20, 2007, Candace C. Davenport (Ms. Davenport), the attorney for Plaintiff David Boss in this Social Security action, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Docs. 28, 29).  Defendant Commissioner of Social Security opposes the motion, contending that the fee amount requested is unreasonable, to which a reply was filed.  (Docs. 31, 32).  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c).

**BACKGROUND**

On May 14, 2004, Plaintiff, through his attorney, filed a complaint in the District Court for the Eastern District of California, Sacramento Division, seeking judicial review of Defendant's denial of his application for Social Security Disability Insurance Benefits ("DIB") and asserting that he had filed a concurrent application for supplemental security income ("SSI").  (Doc. 3).  On

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1

October 19, 2004, an order transferring the case to the Fresno Division pursuant to stipulation, was entered. (Doc. 7; Dkt. Entry dated October 14, 2004). After the parties fully briefed this action, the Magistrate Judge issued a Report and Recommendation to grant Plaintiff's complaint as to the DIB and deny it as to the SSI. (Doc. 25). The DIB recommendation was based on the Court's determination that the Administrative Law Judge ("ALJ") erred as a matter of law by refusing to consider lay evidence submitted by Plaintiff's friend, failing to call upon a medical advisor to determine the onset date of Plaintiff's post-traumatic stress disorder ("PTSD"), and rejecting the treating physician's retrospective opinion. The SSI recommendation was based on a finding that there was no record evidence that Plaintiff filed an SSI application that complied with the applicable rules and regulations. The District Judge adopted the Report and Recommendation in full, granted Plaintiff's complaint, and ordered that the case be remanded for further consideration, pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 26). A Clerk's Judgment was entered on January 22, 2007, and the case was closed. (Doc. 27).

On March 20, 2007, Ms. Davenport filed the instant motion seeking $ 9,725.84 in attorney fees for work that she had performed on Plaintiff's behalf. (Doc. 29, p. 7). In his opposition, Defendant did not challenge Ms. Davenport's entitlement to attorney's fees or the calculated hourly rate or multipliers.[2] (Doc. 31). Instead, Defendant contended that the amount of time Ms. Davenport spent on Plaintiff's case, primarily with respect to the confidential letter brief, the motion for summary judgment ("opening brief"), and the reply to Defendant's opposition, was excessive and duplicative and, hence, the fees she sought were unreasonable. (Id. at 2-5). On April 22, 2007, Ms. Davenport replied that the hours spent researching and preparing the referenced documents were necessary given the complexity of the case and Plaintiff's lack of records, reiterating, in large part,

---

[2] The EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Based on the applicable consumer prices indices, the attorneys agree that the cost of living increases provide for an hourly rate of $152.18 in 2004 and an hourly rate of $156.15 for time worked in 2005. (Doc. 29, p. 7 n.1 & 2; Doc. 31, p. 5, n.2). Defendant does not dispute Ms. Davenport's assertion that the hourly rate for time worked in 2006 is $161.85 or her use of the same amount for 2007 because the consumer price indices were not yet available. (Doc. 29, p. 7, n.2; Doc. 31, p. 5, n.2). The Court finds that the increase in the cost of living justifies these hourly rates, pursuant to § 2412(d)(2)(A).

2

the arguments she set forth in her opening brief.  (Doc. 32; see Doc. 29).  Ms. Davenport further requested an additional $323.70 for the 2.0 hours she spent preparing the instant reply brief, for a total of $10,049.54 in attorney's fees.  (Doc. 32, p. 5).

## DISCUSSION

### Legal Framework

In the instant motion, Ms. Davenport seeks attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Defendant does not contend that his position was substantially justified so as to preclude an award of fees on that basis.  However, to be entitled to an award of fees, Plaintiff must also satisfy the requirements of 28 U.S.C. § 2412(d)(1)(B), which provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.

Plaintiff has satisfied the § 2412(d)(1)(B) criteria.  The motion for attorney fees was filed within thirty days of the expiration of the 60-day appellate period from the January 22, 20075, final judgment and thus, it was timely under §§ 2412(d)(1)(B) and (d)(2)(G).  Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Fed.R.App.P. 4(a)(1)(B).  The motion is adequate on its face because it shows (1) that Plaintiff was the prevailing party, (2) that Plaintiff was eligible to receive an award, and (3) the amount of fees sought, including an itemized schedule from Ms. Davenport allegedly reflecting the amount of time she spent and the hourly rate she billed for her time.  (Doc. 29).  Further, the motion for EAJA fees alleges that the position of the Defendant/United States was not substantially justified.  (Id. at 3-5).

3

**Attorney's Fees**

Under the EAJA, a court shall award reasonable attorney's fees and costs to a prevailing party other than the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The term "substantially justified" means "'justified in substance or in the main'– that is, justified to the extent that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeal that have addressed this issue." Pierce v. Underwood, 487 U.S. 552, 565 (1988)(citations omitted).

Here, Plaintiff achieved a remand for the ALJ to further consider his eligibility for disability benefits and a final judgment was entered for Plaintiff. (Docs. 26, 27). Plaintiff is the prevailing party and his attorney is eligible to receive an award of attorney's fees. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Defendant does not oppose an EAJA award in general. (Doc. 31). Defendant argues only that this Court should award a lesser amount than that requested by Ms. Davenport. (Id. at 2-5). Specifically, the Defendant asserts that the fee amount is unreasonable because (1) the 15 hours spent reviewing the administrative record and researching and preparing the letter brief is excessive in light of the requirement that the document succinctly outline the issues and reasons for remand; (2) the additional 27-3/4 hours that Ms. Davenport claimed for preparing the opening brief is excessive, given that she already spent 15 hours preparing the letter brief, her arguments were routine, and she did not prevail on one of the issues she raised; (3) the 10-1/4 hours spent preparing the reply brief is excessive given that the reply reiterates arguments addressed in Ms. Davenport's letter brief and/or motion for summary judgment; and (4) Ms. Davenport's claimed 1/2 hour for preparing and filing a stipulation for an extension of time did not benefit Plaintiff, but was for her convenience only. (Id.). Ms. Davenport replies that she prevailed on all of the issues relating to Plaintiff's disability, noting that the issue that was denied dealt with whether Plaintiff had filed an application for Supplemental Security Income ("SSI") in addition to his application for DIB. (Doc. 32). Ms. Davenport further asserts that Plaintiff's case was not routine because she had to persuade

4

the court that there were legal errors without the benefit of extensive medical records or historical data evidencing that Plaintiff suffered from PTSD, the onset date of his disability, or his date last insured. (Id.). Ms. Davenport, however, notes that her letter brief set out issues that ultimately resulted in a remand of Plaintiff's case, which tends to reinforce Defendant's implication that the letter brief and the motion for summary judgment were, to a large extent, similar or duplicative. (Id. at 4, n.2). Thus, the only issue before this Court is whether the requested award of $10,049.54 for 64.25 hours of work is reasonable.

Before a court determines whether a fee request is reasonable, the attorney must specify the award she is seeking; that is, the hours reasonably expended on the litigation multiplied by the hourly rate. Hensley v. Eckerhart,[3] 461 U.S. 424, 433 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). It is Plaintiff's burden to provide evidence that supports the hours worked and rates claimed. Hensley, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. In a "reasonable fee" inquiry, the district court must do more than ascertain the "product of reasonable hours times a reasonable rate." Atkins, 154 F.3d at 988 (quoting Hensley, 461 U.S. at 434). "The district court must also consider the results obtained." Id. (quotations omitted). When an attorney prevails in a Social Security disability case and, in so doing, achieves the plaintiff's ultimate goal, i.e., the plaintiff is granted Social Security benefits, the plaintiff's attorney generally is entitled to full compensation for the work performed, provided that the hours are adequately supported and documented. Hensley, 461 U.S. at 435; Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001).

///
///
///

---

[3] Although Hensley v. Eckerhart addresses the statutory fee-shifting provisions in civil rights actions, 42 U.S.C. § 1988, the Supreme Court specifically noted that "[t]he standards set forth in this opinion are generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7; see also Commissioner, I.N.S. v. Jean 496 U.S. 154 (1990) (stating that private parties who prevail in a civil action against the U.S. government are eligible to move for attorneys fees and expenses under the EAJA); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (remanding to district court to determine reasonable award under the EAJA in a Social Security appeal).

# HOURS IN FEE REQUEST

In the initial fee petition, Ms. Davenport requested $9,725.84 based on the following table:

| Year | Adjusted Hourly Rate | Time (Hours) | Total |
|---|---|---|---|
| 2004 | $152.18 | 4.00 | 608.72 |
| 2005 | 156.15 | 54.50 | 8,510.18 |
| 2006/07 | 161.85 | 3.75 | 606.94 |
| | | | **Total: $ 9,725.84** |

(See Doc. 29, pp. 8-10).

As noted above, Ms. Davenport requested an additional $ 323.70 for the 2.0 hours spent researching and preparing her reply to the Defendant's opposition to her EAJA motion, thereby increasing the total to $10,049.54. (Doc. 32, p. 5).

**Number of Hours**

Defendant asserts that 15 hours spent on a letter brief that, per the Court's scheduling order, should succinctly state the relevant issues and reasons for a remand is, in itself, excessive, and implies that the review of the administrative transcript and the research to prepare the letter brief should have enabled Ms. Davenport to spend less time drafting the opening brief, for which she claimed 27-3/4 hours. (Doc. 31, pp. 2-4). Defendant argues that the 27-3/4 hours claimed for the motion for summary judgment should be reduced because the issues were routine and one of the four arguments raised in it was denied by the Court. (Id. at 3-4). Defendant next asserts that 10-1/4 hours claimed for the reply to Defendant's opposition to the opening brief is unreasonable and excessive because Ms. Davenport repeats issues contained in her letter and opening briefs. (Id. at 4). Finally, Defendant contends that it is unreasonable for Ms. Davenport to seek fees from the government for the 1/2 hour she spent preparing documents for an extension of time, which benefitted her, not Plaintiff, and for which she would not have billed Plaintiff. (Id. at 4).

An attorney bears the burden of demonstrating that his or her fee request is reasonable. Hensley, 461 U.S. at 437. "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award. Id. at 434. Charges that are not properly billable to a client are not properly billable to one's adversary. Id. In addition, the degree to which the attorney achieved a

favorable result may affect the fees to which he is entitled.  <u>Id.</u>  For example, if the attorney's client prevails in the underlying case, but loses an argument unrelated to the merits of the case, the attorney generally cannot claim fees for time expended on the unrelated issue, which is treated as though it were raised in a separate lawsuit.  <u>Id.</u> at 434-435; <u>Sorenson</u>, 239 F.3d at 1147.

The letter brief is not a part of the record; consequently the Court is unable to determine whether and how much of the letter brief was used to generate the opening brief.  Ms. Davenport's itemized fee schedule reflects that, over a 5-day period commencing on February 19, 2005 and ending on March 18, 2005, she spent 5-1/2 hours reviewing the administrative transcript and outlining the issues to raise in the letter brief; 4-1/2 hours researching the issues and beginning to draft the letter brief; 2-1/2 hours completing the letter brief; and an additional 2-3/4 hours finalizing the letter brief, for a total of 15 hours.  (Doc. 29, p. 9, entries dated 2/19/05 - 3/18/05).  Ms. Davenport reported that she started preparing the opening brief on May 29, 2005, claiming 2-3/4 hours to review the Court transcript, outline issues, and commence drafting the statement of facts and statement of the case.  (Doc. 29, p. 9, entry dated May 29, 2005).  On June 2 and June 5, 2005, she claimed 5-3/4 hours spent in drafting the statement of facts and of the case.  (<u>Id.</u>, entries dated June 2, 2005 and June 5, 2005).  Ms. Davenport's itemized schedule further reflects that she spent 9-3/4 hours researching and drafting the memorandum and 7-3/4 hours drafting and preparing the final memorandum.  (<u>Id.</u> at entries dated June 8, 2005 - June 15, 2005).  She claimed an additional 1-3/4 hours to finalize and file the motion, which included approximately 1 hour spent preparing a table of contents and cases.  (<u>Id.</u> at 10, entries dated June 21 and 22, 2005).  Her fee schedule evidences that much of the preparatory work that she performed for her letter brief – review administrative record, identify and research issues – is identical to the work she engaged in when drafting her opening brief, and Ms. Davenport does not differentiate between the work.  (<u>Compare</u> Doc. 29, p. 9, entries dated February 29, 2005 through March 18, 2005 <u>with</u> entries dated May 29, 2005 and June 8, 2005).

Based on Ms. Davenport's claimed hours, the undersigned finds that, at a minimum, she spent 10 hours reviewing the administrative record and outlining and researching the issues while

7

1  preparing the letter brief, and 7 hours doing the same for her opening brief. Accordingly, it is
2  recommended that the 7 hours that seemingly involved redundant or overlapping work be deducted
3  from the 27-3/4 hours claimed in preparing her opening brief. (Doc. 29, p. 9, entries dated May 29,
4  2005 and June 8, 2005). Moreover, because Ms. Davenport was not required to file a motion for
5  summary judgment that included a table of contents and cases, it is recommended that the hour she
6  claims for preparing those indices be reduced from her claimed hours. (Doc. 29, p. 9, entry dated
7  June 21, 2005).

8        The undersigned also finds that Defendant's assertion that Ms. Davenport's reply to his
9  opposition brief in the underlying case is redundant and duplicative, rendering her claim for 10-1/4
10 billable hours unreasonable, is supported by the record. (Doc. 31; see Docs. 17, 18, 23, and 29).
11 In her itemized fee schedule, Ms. Davenport reported that on August 24, 2005, September 15, 2005,
12 and September 21, 2005, she spent 10-1/4 hours reviewing Defendant's opposing brief, researching
13 Defendant's issues, and researching and preparing Plaintiff's reply brief. (Doc. 29, p. 10). The
14 September 21, 2005, reply brief, however, largely reiterates and expands upon arguments set forth in
15 the opening brief, rendering the amount of hours claimed for the reply brief unreasonable under
16 Hensley, 461 U.S. at 434. (Doc. 23). Accordingly, it is recommended that Ms. Davenport's fees for
17 the reply brief be reduced to 4 hours, which provides sufficient time to review the Defendant's
18 response and perform the additional research to rebut Defendant's position.

19       Defendant asserts that, because Plaintiff's Social Security case involved routine issues and
20 the court denied her argument regarding whether a concurrent SSI application was pending,
21 Ms. Davenport's claimed hours to review the administrative record, research, and prepare the
22 opening brief and the reply to Defendant's opposition are excessive. (Doc. 31, p. 3; Doc. 29,
23 pp. 9-10). Defendant opines that 18 hours would be a reasonable amount for the opening brief and 4
24 hours for the reply brief. (Id. at 5). A review of Plaintiff's opening brief and memorandum (Docs.
25 17, 18), indicate that the arguments include whether Plaintiff's doctor qualified as a treating
26 physician, the ALJ's failure to consider lay witness evidence and obtain testimony from a medical
27 advisor as to Plaintiff's onset date, and whether Plaintiff had a concurrent SSI application pending.
28

(Doc. 18). Although these arguments are commonly seen in Social Security cases, given the fact-intensive nature of Social Security cases and the variety of facts in each case, the normative amount decided by other courts at different times is neither determinative nor particularly persuasive. Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000) ("Social Security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail"). Thus, the purported "routine nature" of the case provides no basis for reducing the fee award. Moreover, although there may be some distinction between cases involving routine and non-routine issues, Plaintiff's case was not so routine so as to justify a reduction in the requested hours on that ground. See e.g. Patterson, 99 F.Supp. at 1213; Nugent v. Masanari, 2002 WL 356656 (N.D. Cal. 2002). Further, in the instant case, the Court finds, after considering all the pertinent circumstances regarding the nature and extent of the briefing and the nature of the case, that the hours Ms. Davenport claimed that are not otherwise excluded are reasonable.

The fact that one of Plaintiff's arguments was denied by the Court does not, in this matter, necessitate a reduction in the claimed fees because Plaintiff's assertion that he had a concurrent SSI application pending would have precluded him from proving a date last insured and, as such, is an alternative argument that may have enabled Plaintiff to obtain a remand had the Court determined that Plaintiff was not entitled to DIB because his date last insured expired before his alleged onset date. Thus, the SSI argument that the Court denied was related to the overall issues raised in Plaintiff's opening brief and provided an alternative theory to prosecute the action. See Hensley, 461 U.S. at 433-434; Sorenson, 239 F.3d at 1147-1148; Fed.R.Civ.P. §§ 8(d)(3) & (4), (e). Nonetheless, Ms. Davenport did not achieve total successful on the merits; i.e., she did not obtain a remand for a reward of benefits, but only for further consideration of whether Plaintiff is entitled to benefits. Accordingly, she is not entitled to full compensation, and the undersigned recommends that Ms. Davenport's time be reduced by 5 hours. Id.

The undersigned agrees with Defendant that Ms. Davenport may not claim fees for the 1/2 hour she spent on February 15, 2005 preparing a stipulation and order requesting an extension of

time to prepare her letter brief, and will recommend that the fee request be reduced accordingly. (Doc. 31, p. 4; see Doc. 13).  The record reflects that Ms. Davenport received the administrative record on or about December 1, 2004, and she does not explain why she needed an additional 30 days – or more than 3 months – to prepare what should have been a succinct statement of the issues that she believed warranted a finding that the ALJ erred.  See Hensley, 461 U.S. at 435 (the attorney must demonstrate that the hours expended are necessary and reasonable); (Docs. 28, 29).  Moreover, there is no evidence that the request for an extension of time promoted the litigation or otherwise benefitted Plaintiff; therefore, it is not billable to Plaintiff and, hence, not billable to the Defendant. See Hensley, 461 U.S. at 434 and cases cited therein.  Similarly, the two entries totaling 1/2 hour for reviewing and executing Defendant's stipulations for an intra-district transfer and an extension of time in October and November 2004, would not be billed to Plaintiff and should be removed from Ms. Davenport's fee award. Id.; (Doc. 29, p. 9, entries dated October 13 and November 17, 2004).

Ms. Davenport further requests fees for the additional 2 hours expended in preparing her reply to Defendant's opposition to her motion for attorney's fees. (Doc. 32, p. 5).  The undersigned, however, recommends that the request for additional attorney's fees related to the application be denied because it is not supported by a declaration or itemized billing records, as required under 28 U.S.C. § 2412(d)(1)(B).

## CONCLUSION and RECOMMENDATIONS

Based on the foregoing, the Court concludes that the total amount of fees reasonably incurred in this case is calculated as follows:

| Year | Hourly Rate | (Hours) | Total |
|---|---|---|---|
| 2004 | $152.18 | 3.00 | 456.54 |
| 2005 | 156.15 | 37.00 | 5,777.55 |
| 2006/07 | 161.85 | 3.75 | 606.94 |
| | | 49.00 | **Total: $ 6,841.03** |

Accordingly, the Court recommends that Plaintiff's motion for award of attorney's fees (Doc. 29) be GRANTED, in the amount of $6, 841.03.

///

///

10

1   These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case.  Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 23, 2008**                                      **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE

11